IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMADRAE J. CHAPMAN,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.                                              No. 16-0691-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On February 26, 2010, the Court sentenced Chapman to 151 months imprisonment and the Clerk of the Court entered Judgment reflecting the same on March 1, 2010. *See United States v. Chapman*, 09-30096-DRH; Docs. 35 & 37. On June 23, 2016, Chapman, *pro se*, filed a motion to vacate pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Court appointed the Federal Public Defender to represent Chapman (Doc. 2) and Assistant Federal Public Defender Thomas Gabel entered an appearance for Chapman (Doc. 5). On July 13, 2016, Chapman, *pro se*, moved to supplement (Doc. 6). The Court denied the motion as Gabel entered an appearance for Chapman and directed that Chapman only file pleadings through counsel (Doc. 7). Thereafter, on July 15, 2016, Gabel filed a motion to withdraw as counsel stating that Chapman is not entitled to relief under *Johnson*. Thus, the Court directed Chapman to file a response to the motion to withdraw on or before August 15, 2016 (Doc. 9). Chapman did file a response and a request for

substitute counsel (Doc. 10). Based on the record and the applicable law, the Court grants the motion to withdraw, denies the request for substitute counsel and denies Chapman's motion to vacate as Chapman is not entitled to relief under *Johnson*.[1]

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. 28 U.S.C. § 2255(a). The Supreme Court held in *Johnson* that increasing a defendant's sentence based on the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), violates the Due Process Clause of the Fifth Amendment because of its vagueness denies fair notice to defendants of the sentences they may face and invites arbitrary enforcement. *Johnson*, 135 S.Ct. at 2557. Importantly, the Supreme Court in *Johnson* did not strike any other provision of the ACCA, including subsection (i) – the force clause. *Johnson*, 135 S.Ct. at 2563. In addition, the Seventh Circuit held in *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015), that "*Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions." Therefore, defendants who sentences were increased based on the residual clause of the Armed Career Criminal Act can qualify for relief under § 2255. On August 25, 2015, the Seventh Circuit stated in dicta, "[W]e proceed on

---

[1] A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Rauter v. United States,* 871 F.2d 693 (7th Cir. 1989); *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). In light of the fact that no hearing is required, the Court is not obligated to appoint counsel, and the Court finds that petitioner has adequately presented his arguments, appointment of counsel is not warranted in this case. *Rauter*, 871 F.2d at 695–96.

the assumption that the Supreme Court's reasoning [*in Johnson*] applies to section 4B1.2 as well") *Ramirez v. United States,* 799 F.3d 845(7th Cir. Aug. 25, 2015). The appellate court further noted the U.S. Sentencing Commission is seeking comments on a proposal to change the guideline language to make it conform to *Johnson. Id*. The Court notes *Johnson,* considered in conjunction with *Price* and *Ramirez,* presents *the possibility* that an individual sentenced as a career offender, based on the Guidelines' definition of a "crime of violence" and the Guidelines' "residual clause," may have grounds for challenging his federal conviction and sentence by means of a motion brought before the sentencing court pursuant to § 2255.

Here, the Court finds that Chapman's arguments miss the mark. *Johnson* does not apply to Chapman's case as he was not sentenced under the vague residual clause. In his criminal case, Chapman was sentenced as "Career Offender" after two prior convictions for crimes of violence. *United States v. Chapman*, 09-30096-DRH; Doc. 32. The two crimes of violence were residential burglary in #94-CF-517 and aggravated battery in #00-CF-203 that were classified as crimes of violence due to residential burglary being an enumerated offense and aggravated battery having an element of the use or attempted use of force. Thus, neither of these two crimes of violence are due to the residual clause. *Johnson* only applies to the ACCA residual clause as reflected in § 4B1.2(a)(2). Therefore, the Court **DENIES** and **DISMISSES with prejudice** Chapman's 28 U.S.C. § 2255 motion (Doc. 1).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485. As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is

barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

Accordingly, the Court **DENIES** Chapman's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. The Court **DISMISSES with prejudice** this cause of action. Further, the Court **DECLINES** to issue a certificate of appealability. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 18th day of August, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.08.18
15:00:06 -05'00'

**United States District Judge**