IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LAMADRAE J. CHAPMAN,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**     Civil No. 3:16-cv-0691-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is Chapman's September 12, 2016 motion pursuant to Rule 59(e) altering or amending a judgment (Doc. 13). Chapman moves the Court to alter the August 18, 2016 Memorandum and Order denying and dismissing with prejudice his 28 U.S.C. § 2255 petition which was based on *Johnson v. United States*, 135 U.S. 2551 (June 26, 2015) and the judgment reflecting the same (Docs. 11 & 12). Based on the following, the Court denies the motion.

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the

1

Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992). Here, Chapman's motion was filed within 28 days of the entry of the July 21, 2016 judgment as it was filed on August 17, 2016. Thus, the Court analyzes his motion under Rule 59(e).

Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). "A Rule 59(e)motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir.

2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier.

The Court denied and dismissed Chapman's Section 2255 petition as Chapman was sentenced as a Career Offender after two prior convictions for crimes of violence and these crimes of violence, residential burglary and aggravated battery, were not crimes of violence due to the Armed Career Criminal Act's residual clause. After reviewing the record and the applicable case law again, the Court finds that Chapman neither presented newly discovered evidence nor identified a manifest error of law or fact. His motion merely takes umbrage with the Court's previous ruling and rehashes old arguments that have been addressed by the Court. In rendering this Order and the Order dismissing with prejudice Chapman's habeas corpus petition, the Court examined the evidence and case law submitted by the parties and remains convinced of the correctness of its position. The Memorandum and Order is clear and needs no clarification. Thus, the Court rejects Chapman's arguments.

3

Accordingly, the Court **DENIES** Chapman's motion pursuant to Rule 59(e) to altering or amending a judgment (Doc. 13).

**IT IS SO ORDERED.**

**DATED: October 19, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.10.19 10:19:07 -05'00'

**United States District Judge**

4